J-S05025-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
ERIC KRUMM, :
:
Appellant : No. 928 WDA 2014


Appeal from the Judgment of Sentence Entered May 5, 2014,
In the Court of Common Pleas of Crawford County,
Criminal Division, at No. CP-20-CR-0000889-2010.


BEFORE: DONOHUE, SHOGAN, and STABILE, JJ.

MEMORANDUM BY SHOGAN, J.: **FILED FEBRUARY 03, 2015**

Eric Krumm ("Appellant") appeals from the judgment of sentence imposed after revocation of his probation. We affirm.

Appellant appeared before the trial court on May 27, 2011, for sentencing on a charge of unlawful contact with a minor, graded as a felony of the third degree, 18 Pa.C.S. § 6318(b)(2). The trial court sentenced Appellant to incarceration for a term of eleven and one-half to twenty-four months less one day followed by five years of probation.

At the time of sentencing on the unlawful-contact conviction, Appellant had a pending probation violation before another judge of the Crawford County Court of Common Pleas. The conviction underlying that violation was for statutory sexual assault, 18 Pa.C.S. § 3122.1(a). That judge found

Appellant violated his probation at a hearing on July 28, 2011, and sentenced him to incarceration for a term of twelve to twenty-four months, with credit for pre-sentence incarceration. Appellant's two sentences were aggregated into a state sentence,[1] which Appellant served. Upon release, he began serving the five-year probationary tail imposed in the case at hand.

In response to a Notice of Alleged Probation Violation filed on April 16, 2014, Appellant appeared before the trial court on May 5, 2014, for a *Gagnon II*[2] hearing. Appellant admitted to violating his probation by using controlled substances, failing to comply with sex offender rehabilitation and treatment programs, making inappropriate contact with minors, and using his computer to view pornography. N.T., 5/5/14, at 6. The trial court revoked Appellant's probation and sentenced to him to incarceration for twelve to thirty-six months, followed by two years of probation. Sentencing Order, 5/5/14. Appellant filed a post-sentence motion on May 14, 2014, which the trial court denied. This appeal followed. Appellant and the trial court complied with Pa.R.A.P. 1925.

---

[1] Appellant's aggregate sentence was treated as a state sentence pursuant to 42 Pa.C.S. § 9762(2): "All persons sentenced to total or partial confinement for . . . maximum terms of two years or more but less than five years may be committed to the Bureau of Corrections for confinement[.]" 42 Pa.C.S.A. § 9762(2).

[2] *See Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (due process requires probationer be given preliminary (*Gagnon I*) and final (*Gagnon II*) hearing prior to revoking probation).

Appellant raises a single issue for our review: "Are the sentences imposed upon Mr. Krumm unreasonable, manifestly excessive, and an abuse of discretion?" Appellant's Brief at 4 (full capitalization omitted). According to Appellant, the sentencing court erred by imposing a "severe" sentence that violated the sentencing norms under the Pennsylvania Sentencing Code, where "there were alternatives for treatment that did not involve total confinement and . . . would have been adequate for [his] rehabilitation." *Id.* at 6.

Appellant's claim challenges the discretionary aspects of his sentence. An appellant wishing to appeal the discretionary aspects of a probation-revocation sentence has no absolute right to do so but, rather, must petition this Court for permission to do so. *Commonwealth v. Kalichak,* 943 A.2d 285, 289 (Pa. Super. 2008); 42 Pa.C.S. § 9781(b). However, before this Court may review the merits of a challenge to the discretionary aspects of a sentence, we must engage in a four-pronged analysis:

> [W]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citing *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006). *See*

*also* Pa.R.Crim.P. 708, Cmt. (discussing proper preservation of issues challenging discretionary aspect of sentence imposed following revocation hearing).

We note that Appellant has met the first three parts of the four-prong test required prior to our review of the merits of a discretionary challenge to a sentence: Appellant timely filed an appeal; Appellant preserved the issue in a post-sentence motion; and Appellant included a statement pursuant to Pa.R.A.P. 2119(f) in his brief. Thus, we assess whether Appellant has raised a substantial question.

A determination as to whether a substantial question exists is made on a case-by-case basis. ***Commonwealth v. Sierra***, 752 A.2d 910 (Pa. Super. 2000). This Court will grant the appeal "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Id.*** at 912–913.

In his Rule 2119(f) statement, Appellant argues "that inpatient rehabilitation programs would . . . not have violated sentencing norms. That total confinement was too sever[e] and unreasonable with alternatives available for treatment. Thus, . . . his sentence, is unreasonable and . . . manifestly excessive . . . ." Appellant's Brief at 8. The record reflects that

Appellant's revocation was based on technical violations, not on new charges. N.T., 5/5/14, at 3–4. Thus, we interpret Appellant's challenge as raising a substantial question for our review. *Commonwealth v. Colon*, 102 A.3d 1033 (Pa. Super. 2014) (citing *Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa. Super. 2010) ("The imposition of a sentence of total confinement after the revocation of probation for a technical violation, and not a new criminal offense, implicates the 'fundamental norms which underlie the sentencing process.'")).

Our standard of review is well settled. We have explained that:

> [t]he imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Simmons*, 56 A.3d 1280, 1283–84 (Pa.Super.2012).

> In determining whether a sentence is manifestly excessive, the appellate court must give great weight to the sentencing court's discretion, as he or she is in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference.

*Commonwealth v. Mouzon*, 828 A.2d 1126, 1128 (Pa.Super.2003).

> Upon revoking probation, a sentencing court may choose from any of the sentencing options that existed at the time of

the original sentencing, including incarceration. 42 Pa.C.S.A. § 9771(b). "[U]pon revocation [of probation] ... the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." *Commonwealth v. Infante*, 63 A.3d 358, 365 (Pa.Super.2013) (internal quotation marks and citations omitted). However, 42 Pa.C.S.A. § 9771(c) provides that once probation has been revoked, a sentence of total confinement may only be imposed if any of the following conditions exist:

> (1) the defendant has been convicted of another crime; or
>
> (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
>
> (3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S.A. § 9771(c).

*Colon*, 102 A.3d at 1043–1044.

Our review of the record confirms that at the time of the *Gagnon II*

hearing:

> the [c]ourt had at its disposal all information relevant to Appellant's original conviction, the Presentence Report which had been prepared for the Appellant's original sentence, and the information provided by counsel for the Appellant, the Commonwealth, and Appellant's probation officer. Additionally, the [c]ourt learned at the time of the . . . hearing that the Appellant had been paroled approximately six months before the violations occurred. The [c]ourt had received a letter on the Appellant's behalf from Kristin Baker, as well as the Gagnon II notes which were prepared by the Adult Probation Department. The Gagnon II notes contained Appellant's total accumulated credit at the relevant docket, the dates of any prior violations, the results of those violations, and the status of Appellant's financial obligations. Appellant had made only nominal payments at that time.

Trial Court Opinion, 9/15/14, at 2.  At the end of the hearing, the trial court

articulated its concerns regarding an appropriate sentence:

> The thought process is that if I give him a two and a half to five or one to five, that he's going to max because they're not letting anybody out on these charges and because it's a violation and they're not going to let him out and he's going to max and he's going to hit the streets with no supervision. . . .
>
> * * *
>
> I think [the concern is] legitimate.  I think it's one of the unforeseen consequences that the parole board's decision in detaining these folks to max dates . . . .  [A] lot of them that I do will have that one year probation tail just to get him so we have something over them and that's why I'll do a six year max with an one year probationary tail or whatever, but I'll be honest with you, Mr. Krumm, you don't belong in the county jail. You've already been in the state prison.  It didn't do what it was supposed to do.  There's nothing about my county jail or our county jail, this county jail that's going to work any wonders, but I agree with the supervision piece and we can take care of that as well.
>
> * * *
>
> To let you out after a county sentence where I have no programming in that jail to help you with any of these things is to just create a situation that you're going to be back again.  My fear was you would be back again on a new charge, not just on a violation and because at that stage you're talking about the rest of your life being served in jail.  And the rules are different now and registration requirements are different and there's a whole lot of pieces here.  So my hope is that the only place these programs exist that are successful is the state facility.  My hope is that they work.

N.T., 5/5/14, at 17–18, 20.

Additionally, the trial court provided a thorough and thoughtful recitation of its reasons for the sentence imposed in its opinion to this Court:

When Appellant came before the [c]ourt on May 5, 2014 for his probation . . . violation hearing he was serving a five year probationary tail. At the time of the hearing the [c]ourt learned that Appellant was suffering from drug and alcohol issues including the use of marijuana and cocaine, that he had mental health issues including a diagnosis of depression, and that prior to his incarceration he was set to be discharged for unsuccessful performance of his sexual offender treatment and counseling program. The allegations were not of isolated drug use. Rather, the Appellant had tested positive for the use of cocaine and admitted to a Pennsylvania Board of Probation and Parole Agent that he had used cocaine one to three times per week over a period of one month. The Appellant also admitted that he committed several violations of his offender treatment and counseling obligations. Appellant had used the internet to search for and view pornography and that he had acted sexually in response. Appellant also admitted that he engaged in online chats with females, which was a violation of his offender treatment obligations. The allegations the Appellant admitted to were set forth in Counts 5 and 8 of the April 14, 2014 Notice of Alleged Probation Violations.

The Appellant had only been on the street for a period of months after having served a lengthy state prison sentence, which he had maxed out. The [c]ourt felt it appropriate to revoke the Appellant's probationary sentence. After revoking the probationary sentence the [c]ourt then reviewed those sentencing factors as well as the facts and circumstances of the case and concluded that any incarceration at a location other than the State Correctional Institute was inappropriate.

The [c]ourt, in reaching this conclusion, factored in Appellant's lack of significant positive progress on the street and the relatively short period of time he was on the street before he lapsed into activity which constituted a violation of his probation. The [c]ourt's assessment, based on the facts and circumstances of the case, was that Appellant's period of incarceration and treatment had been unsuccessful in rehabilitating him or in

compelling him to conform his conduct to the demands of the law while subject to supervision. The Court also considered the fact that Appellant had maxed out while previously serving a state sentence.

Upon revocation of Appellant's probationary sentence the [c]ourt was permitted to impose any sentence it thought appropriate, after an evaluation of the circumstances surrounding Appellant's new conviction, so long as the total global sentence imposed did not exceed the statutory maximum . . . . *See Commonwealth v. Kalichak*, 943 A.2d 285, 289 (Pa. Super. 2008) (citing 42 Pa. C.S.A. § 9771(b)). Appellant was serving a 60 month probationary tail when his sentence was revoked . . . . The [c]ourt . . . limited the new sentence to 12 to 36 months of incarceration followed by 24 months of probation supervision. The [c]ourt hoped that the probationary period would be supervised by the State Board of Probation and Parole for continuity purposes. The [c]ourt stressed the importance of programming at the state correctional level and indicated within the Sentence Order the [c]ourt's desire that state correctional authorities consider Appellant's programming needs when determining where he should be placed within the system. At the time of the Gagnon hearing Appellant had mental health, drug and alcohol, and ongoing sexual offender issues. Appellant was given appropriate consideration for his presentence incarceration.

Trial Court Opinion, 9/15/14, at 2–3. Addressing Appellant's sentencing challenge specifically, the trial court explained as follows:

While the [c]ourt understands that Appellant desires to serve his sentence somewhere other than the state facility, Appellant has clearly failed to establish that the [trial court] committed a manifest abuse of discretion in imposing the current sentence. This is especially true when considering that Appellant has already failed to appropriately reintegrate into society following a State Correctional Institution sentence, and shortly after release from incarceration for that sentence Appellant began engaging in illegal activities which constituted a violation of the terms of his probation. Upon release Appellant engaged in continuous drug use and in other activities which violated the

terms of his sexual offender treatment. The [c]ourt determined that this was dangerous considering Appellant's prior sex-offense convictions and his apparent predilection to continue engaging in activities which brought him into contact with children. In considering these factors the [c]ourt fashioned a sentence to ensure public safety while taking Appellant's rehabilitative needs into account. . . . [T]he sentence imposed was wholly appropriate given the circumstances, was not in violation of the law, and for the reasons set forth on the record and in this opinion was not manifestly unreasonable.

Trial Court Opinion, 9/15/14, at 4–5.

Upon review, we discern no abuse of the trial court's discretion in sentencing Appellant to total confinement. The record supports the trial court's well-informed disposition. As the trial court observed, Appellant's previous conduct indicates that it is likely he will commit another crime if he is not imprisoned. 42 Pa.C.S. § 9771(c)(2). Indeed, within six months of his release from prison, Appellant was violating his probation. Moreover, as the trial court opined, a state sentence was the most appropriate means for accessing programs designed to address Appellant's mental, drug, and alcohol issues, and to assist him with rehabilitation.

In sum, Appellant has failed to establish that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. **Simmons**, 56 A.3d at 1283–1284. Accordingly, we hold that the sentence imposed was not manifestly excessive or unreasonable.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/3/2015